AO 91 (Rev. 11/11) Criminal Complaint                    AUSA Brian Hayes (312) 353-4307

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**
SEP 29 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.

MARGARITA SHABAZZ

CASE NUMBER:
UNDER SEAL

16CR 634

MAGISTRATE JUDGE SCHENKIER

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about November 25, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, MARGARITA SHABAZZ, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 1344 | knowingly devised and participated in a scheme to obtain money and funds owned by and under the custody or control of a financial institution, by means of false and fraudulent pretenses, representations, and promises, through the negotiation of a check in the amount of $28,993.30 on November 25, 2013 |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

_____
TODD D. RATHBUN
Special Agent, Federal Bureau of Investigation

Sworn to before me and signed in my presence.

Date: September 29, 2016

_____
Judge's signature

City and state: Chicago, Illinois

SIDNEY I. SCHENKIER, U.S. Magistrate Judge
*Printed name and Title*

NORTHERN DISTRICT OF ILLINOIS    )
                                 )
EASTERN DIVISION                 )

## AFFIDAVIT

I, Todd D. Rathbun, being duly sworn under oath, hereby state as follows:

1. I am a Special Agent of the Federal Bureau of Investigation assigned to the Chicago Field Division. I have been employed by the FBI as a Special Agent for approximately nine months. At this time, I am assigned to an FBI squad dedicated to the investigation of financial crimes, including federal wire fraud, mail fraud, investment fraud, bank fraud and other financial crimes.

2. The information contained in this affidavit is based on my personal knowledge, as well as on information provided to me by other non-law enforcement personnel. It is also based on my review of bank and other records, and interviews. Because this affidavit is submitted for the limited purpose of establishing probable cause with regard to the attached complaint, it does not set forth each fact that I have learned during this investigation.

3. This affidavit is made in support of a criminal complaint alleging that, from on or about December 23, 2011, and continuing through on or about June 10, 2016, MARGARITA SHABAZZ knowingly devised and participated in a scheme to obtain money and funds owned by and under the custody or control of North Community Bank (now doing business as Byline Bank) and JPMorgan Chase Bank, NA (JPMC), financial institutions, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, 1344.

1

## Summary

4. There is probable cause to believe that from on or about December 23, 2011, through on or about June 10, 2016, SHABAZZ engaged in a scheme to defraud in which she stole over $1,600,000 from the bank accounts of Company A. According to its owner, Victim A, Company A produces television commercials and fashion photography for clients.

5. According to Victim A, SHABAZZ was the controller and production manager of Company A until the end of May 2016 at which time her employment was terminated. SHABAZZ stole cash from Company A by writing checks payable to companies owned by her and her husband, but falsely and fraudulently recorded them in the books and records of Company A as payable to vendors of the company. SHABAZZ deposited the checks into bank accounts where she converted the funds for her own benefit.

## Facts Establishing Probable Cause

6. According to Victim A, Company A was an advertising and entertainment business owned and operated by Victim A in Chicago, Illinois. SHABAZZ served as the company's controller and production manager. According to Victim A, SHABAZZ prepared reconciliations of financial records and handled the accounting of Company A through its QuickBooks accounting software. In addition, during production shoots with clients, SHABAZZ also managed all on-site expenses to ensure payment of vendors. According to Victim A, SHABAZZ had access to Company A's bank accounts and QuickBooks accounts. SHABAZZ, however, was not

a signatory on Company A's bank accounts, nor was she authorized to sign checks on behalf of Victim A.

7. According to Victim A, SHABAZZ's scheme was discovered in June 2016. After SHABAZZ's employment was terminated in late-May 2016, Victim A outsourced Company A's accounting function to an independent accounting firm that normally prepared its annual income tax returns. When reviewing Company A's bank records, the accounting firm discovered checks issued to a company named GabMax, LLC ("GabMax") and a company named Bluelight Productions ("Bluelight"). These payments, however, were recorded in Company A' QuickBooks accounting records as made to vendors regularly used by Company A in the normal course of business.

8. Victim A advised the FBI that he was not familiar with GabMax, but recognized that its name contained a combination of the names of SHABAZZ's two children. Victim A recognized Bluelight as a company associated with SHABAZZ.

9. According to records maintained by the Illinois Secretary of State, the managing members of GabMax included SHABAZZ and SHABAZZ's husband. The managing members of Bluelight, according to records maintained by the Illinois Secretary of State, are SHABAZZ and SHABAZZ's husband.

10. Based upon records I obtained from Victim A, I have conducted a preliminary review of checks issued from the accounts of Company A. Thus far, during the period from approximately December 2011 to June 2016, I have found 90 checks from the accounts of Company A issued payable to GabMax in amounts totaling approximately $1,624,000 and 2 issued payable to Bluelight in amounts

3

totaling approximately $41,000.[1] According to Victim A, he did not authorize issuance of these checks to GabMax and Bluelight.

11. Victim A further explained that on some occasions, he would pre-sign Company A checks so that they could be used by SHABAZZ for legitimate business purposes while Victim A and SHABAZZ were managing a project. Victim A believed some of the unauthorized checks had been pre-signed by Victim A, but then used by SHABAZZ for the unauthorized payments described above. In other instances, Victim A believes his signature was forged on Company A checks.

12. I have also preliminarily reviewed Company A's QuickBooks accounting records. None of the 92 checks described above were recorded in Company A's QuickBooks account as being issued to GabMax or Bluelight. Rather, the QuickBooks records indicated that the checks were either issued to legitimate vendors of Company A or were not recorded in QuickBooks at all.

13. According to records obtained from Victim A, one of the checks, issued on or about November 23, 2013, payable to GabMax in the amount of $28,993.30, drawn on Company A's bank account maintained at JPMC, was deposited on or about November 25, 2013, into GabMax's JPMC account "for deposit only" by GabMax.

## CONCLUSION

14. Based upon the information set forth in this affidavit, there is probable cause to believe that, from on or about December 2011, and continuing through on or

---

[1] During the time period in question, the relevant bank accounts of Company A were maintained first at North Community Bank (now doing business as Byline Bank), and later at JPMorgan Chase Bank. The deposits of North Community Bank and JPMorgan Chase Bank were insured by the FDIC during this time period.

about June 2016, SHABAZZ knowingly devised and participated in a scheme to obtain money and funds owned by and under the custody or control of North Community Bank and JPMC, financial institutions, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, 1344.

Todd D. Rathbun
Special Agent
Federal Bureau of Investigation

Subscribed and sworn
before me this 29th day of September, 2016

SIDNEY I. SCHENKIER
United States Magistrate Judge